

**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| THOMAS MICHAEL EBERT, JR. AND MARY MARGARET EBERT, | CASE NO. 08-63527 |
| | JUDGE RUSS KENDIG |
| Debtors. | |
| | **MEMORANDUM OF OPINION (NOT FOR PUBLICATION)** |

This case is before the court sua sponte. The court is faced with a situation where a power-of-attorney completed the financial management course for one of the debtors. The court must consider whether it is legally permissible for an agent to complete the financial management course to satisfy the pre-discharge requirements under the bankruptcy code.

The court has jurisdiction of this proceeding pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

### FACTS

On July 21, 2010, a Form 23 was filed by each debtor certifying completion of the postpetition financial management course. Debtor Thomas Ebert signed his form and also signed his wife's form as her power-of-attorney. On November 14, 2011, a copy of the power of attorney was filed with the court. Based on these filings, it appears Debtor Mary Ebert did not personally complete the financial management course.

## ANALYSIS

The court previously considered the similar situation involving the pre-filing credit counseling requirement. *See* In re Clendenin, 2008 WL 4367844 (Bankr. N.D. Ohio 2008). The question framed in that decision was "whether it is legally permissible for an agent designated as an attorney-in-fact to satisfy the credit counseling requirement of the Bankruptcy Code in the place of his principal(s)." Id. at *1. The court answered in the negative, finding that it was a non-delegable duty. The court's position was primarily based on two conclusions. First, Federal Rule of Bankruptcy Procedure 9010 cannot reasonably be read to "permit essentially anyone to do anything by proxy," but must be read in a manner that prevents absurdity. Id. at *1-2. Second, the Bankruptcy Code clearly provides exceptions to the credit counseling requirement, providing those who are incapacitated or disabled a means to be excused from the requirement. See 11 U.S.C. § 109(h)(4).

The court finds no basis to reach a different result with regard to the postpetition financial management course. The purpose of requiring a debtor's participation in the financial management course is to 'hopefully avoid future financial distress.' In re Hall, 347 B.R. 532, 535 (Bankr. N.D. W.Va. 2006) (citing Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256, H.R.Rep. No. 109-31, Pt. 1, 109th Cong., 1st Sess. (2005)). Allowing an agent to take the financial management course would not further this purpose. The better policy is to excuse the debtor from the requirement under the procedures and for the reasons specifically outlined in the Bankruptcy Code.

Although a power-of-attorney is frequently given in situations involving incapacity or disability, that overlap is not imperative to the grant of authority. An agent can be appointed for an abled, non-capacitated debtor. Allowing the agent to complete the financial management course would therefore not equip the debtor with information aimed at preventing future financial hardship, thereby defeating the purpose of the requirement. The alternative, requiring a debtor to seek to be excused from the requirement based on a permissible exemption, squarely serves "to excuse those debtors for whom a financial management course would serve no meaningful purpose or would be impossible." In re Ferrell, 391 B.R. 292, 293 (Bankr. D.S.C. 2008) (citing In re Hall, 347 B.R. at 535-36).

As a result of this conclusion, the court rejects the Form 23 filed by Debtor Mary Ebert and finds that her failure to complete the financial management course renders her ineligible for a discharge in this case. Debtor will be provided an opportunity to file a motion for an exemption from the requirement.

An order shall be issued forthwith.

#     #     #

**Service List**:

Thomas J Budd, II
128 Church St
Ashland, OH 44805-2105

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702